UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JESUS PEREZ PEREZ, <br> Defendant. | Case No.: 1:22-cr-00069 JLT <br><br> ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br> (Doc. 9) |

Jesus Perez Perez moves the Court for an order terminating his supervised release early after having completed two of his required three years. For the reasons set forth below, the motion is **DENIED**.

**I.  Background**

In 2012, Mr. Perez was charged with conspiracy to knowingly and intentionally distribute 500 grams or more of methamphetamine. (Doc. 11 at 8). At that time, Mr. Perez was a truck driver. *Id*. at 11-16. The complaint alleged that he traveled to Iowa for the purpose of conducting drug trafficking and he was responsible for trafficking 20 pounds of methamphetamine on that occasion. *Id*. at 1, 11-16, The mandatory minimum term of incarceration on that charge was 120 months. *Id*. at 24. After being arrested and making his initial appearance, two week later, on October 17, 2012, the Court released Mr. Perez on terms of pretrial supervision. *Id*. at 24. At the same time, the court released a codefendant, Josa Loza Ochoa, on pretrial supervision. *Id*. at 19.

Though he was supposed to report to the Probation Office in hiss home city in Arizona the next day, he did not. (Doc. 49 at 25) Rather, his daughter confirmed that Mr. Perez absconded to Mexico. *Id*. Mr. Loza Ochoa also absconded to Mexico. *Id*. at 19.

Ninety-nine months later, Mr. Perez was arrested while attempting to reenter the United States. (Doc. 11 at 28) Upon his return, he was charged with Failure to Appear After Pre-Trial Release (18 U.S.C. § 3146(a)(1)). By this time, his codefendants and either plead guilty to the drug offense or were convicted after trial. *Id*. at 28. Mr. Perez explained that he went to Mexico due to "an illness in the family" (*Id*. at 31), which the same explanation Mr. Loza Ochoa gave for absconding when he was sentenced in 2014 (*Id*. at 19). For the new charge, the guideline range was 15 to 21 months, and on November 19, 2021, the court imposed 21 months in custody, followed by 36 months of supervised release. *Id*. at 35-36.

Mr. Perez served his term in prison and began supervision on March 9, 2022. (Doc. 11 at 2). During the two years on supervision, Mr. Perez has complied with the conditions imposed on him. (Doc. 9 at 5)

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes first that the underlying offense was a serious breach of the court's trust. In sentencing him, the court imposed the high end of the guideline range and imposed the maximum term of supervision permitted by the offense.

Though Mr. Perez has complied with the terms of supervised release, that is what is expected of him. Finally, though compliance with terms of supervision burdens the releasee, this is the consequence of Mr. Perez's criminal conduct. Moreover, though Mr. Perez's inconvenience is a concern, the Court must also be concerned for the entirety of our community. The fact that Mr. Perez committed such a serious breach of the Court's trust when he fled from prosecution, the Court must be reasonably certain that he has demonstrated that he can be trusted again. The showing made by Mr. Perez simply fails to demonstrate that the Court can safely terminate supervision at this time.

///

For these reasons, and after considering all of the § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 29, 2024**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3